**Alcee L. HASTINGS, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. A. No. 91–1713.**

United States District Court, District of Columbia.

Oct. 21, 1993.

Robert Steven Catz, Stephanie Y. Moore, District of Columbia School of Law, Washington, DC, for plaintiff.

D. Scott Barash, Sarah L. Wilson, U.S. Dept. of Justice, Civ. Div., Morgan John Frankel, Michael Davidson, Office of Senate Legal Counsel, Washington, DC, for defendants.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This case is before this Court on remand from the Court of Appeals for the District of

Columbia Circuit for reconsideration in light of the Supreme Court's ruling in *Nixon v. United States,* —— U.S. ——, 113 S.Ct. 732, 122 L.Ed.2d 1 (1993). 988 F.2d 1280 (D.C.Cir.1993). Plaintiff in this case, Alcee Hastings, an impeached federal district court judge, claims that the United States Senate used improper procedures during his impeachment trial. *See Hastings v. United States,* 802 F.Supp. 490 (D.D.C.1992). On September 17, 1993, this Court vacated the Senate's judgment of conviction of the plaintiff on articles of impeachment, but stayed its judgment pending appeal of its decision. *Id.* at 505.

The legal issue posed in *Nixon* is identical to that in *Hastings,* namely whether the Senate's use of a committee of twelve senators, pursuant to Senate Rule XI [1], to hear evidence in an impeachment proceeding violates the United States Constitution's Impeachment Trial Clause which provides that "the *Senate* shall have sole Power to try all Impeachments." U.S. Const., Art. I, § 3, cl. 6 (emphasis added). In *Nixon,* Walter Nixon, then a federal district court judge, was found guilty by a jury on two counts of perjury before a grand jury. Subsequently, the House of Representatives adopted three articles of impeachment against him: two of which charged Nixon with perjury and one which charged him with bringing disrepute on the federal judiciary. During his impeachment trial in the Senate, a copy of his felony conviction was introduced into evidence as evidence of his guilt. Following evidentiary hearings by a Senate impeachment trial committee, the full Senate voted to convict Nixon on the two perjury articles of impeachment.[2]

Nixon brought suit in federal district court seeking a declaratory judgment that his impeachment conviction was void. The district

---

1. Senate Rule XI allows a committee of the Senate to gather evidence and hear testimony in an impeachment proceeding and thereafter report its findings to the full Senate. Rule XI, Rules of Procedure and Practice in the Senate When Sitting on Impeachments, *reprinted in* Senate Manual, S.Doc. No. 101–1, 101st Cong., 1st Sess., 186 (1989).

2. The Constitution demands that in an impeachment trial a two-thirds vote of the senators present is required to convict. U.S. Const., Art. I, § 3, cl. 6. The twelve members of the Senate impeachment trial committee voted by at least a two-thirds majority to convict Nixon on both articles of impeachment.

court found that his claim was nonjusticiable and the court of appeals affirmed. Nixon argued before the Supreme Court that the language of the Impeachment Trial Clause evidenced the intent of the Framers of the Constitution that the *full* Senate try impeachments, with all members of that legislative body involved in the gathering and evaluation of evidence. He maintained, as did plaintiff in this case, that a trial by anything less than the full Senate violates the Senate's constitutional duty to "try" all impeachments.

The Supreme Court held that the power to try impeachments is granted by the Constitution to the Senate, and the Senate's use of that power presents nonjusticiable political questions. *Nixon v. United States,* — U.S. ——, 113 S.Ct. 732, 122 L.Ed.2d 1 (1993). Thus, the Senate's procedures for trying an impeached individual cannot be subject to review by the judiciary. Notwithstanding concerns about fundamental fairness, the Senate may appoint a committee comprised of less than the full Senate to hear evidence in an impeachment proceeding and report such evidence to the full Senate.

It may be worth noting that the facts involved in this case are different from those in *Nixon.* Plaintiff in this case was indicted in 1981 on charges of conspiracy to solicit and accept a bribe. On February 4, 1983, he was acquitted by a jury on all criminal charges brought against him. Six years later, in 1989, the Senate voted to convict plaintiff on eight articles of impeachment which substantially paralleled the charges on which he was acquitted in his criminal trial. In effect, the Senate was called upon to conduct a *de novo* trial of the plaintiff based upon the same facts which a jury concluded were not criminal. Instead of "trying" Judge Hastings before the full Senate, under Senate Rule XI testimony against Judge Hastings was received by a committee of twelve senators. In the final vote by the full Senate, less than two-thirds of the twelve senators comprising this committee voted to convict plaintiff on any of the articles of impeachment.

The Supreme Court's holding in *Nixon* precludes plaintiff from pursuing his case further. Given the distinction in facts and outcomes between this case and *Nixon,* it is indeed unfortunate that *Hastings* did not precede *Nixon.* As strongly as this Court believes that Judge Hastings' fundamental rights were violated, the Court recognizes that the *Nixon* decision compels that Judge Hastings' case be dismissed.

This Court believes that the events surrounding plaintiff's impeachment and conviction are an unfortunate chapter in the history of this country. A jury of plaintiff's peers voted unanimously to acquit him of all criminal charges in a trial presided over by one of this nation's ablest jurists.[3] Despite his acquittal, Judge Hastings was convicted on articles of impeachment by vote of the full Senate, although eighty-eight out of one hundred senators did not hear the evidence against him. It is clear that the guilt or innocence of Judge Hastings was treated simply as another piece of legislation. In no sense of the word was Judge Hastings "tried" by the full Senate. That having been said, because of the *Nixon* decision, there is no further relief that can be afforded Judge Hastings.

Even though this court is powerless to afford Judge Hastings any relief his case will have considerable historical significance and perhaps some day, after a dispassionate and non-political review of the case, this nation will reconsider the error perpetrated and provide Judge Hastings with the vindication he deserves, a small part of which he has already received by his recent election to Congress. Plaintiff's complaint will be dismissed.

### ORDER

This Court having reconsidered this matter in light of the Supreme Court's decision in *Nixon v. United States,* — U.S. ——, 113 S.Ct. 732, 122 L.Ed.2d 1 (1993) concludes that plaintiff's claims cannot be sustained. Accordingly, it is this 21 day of October, 1993

---

**3.** The late Judge Edward Gignoux, a former Chief Judge of the United States District Court

for the District of Maine, was specifically designated to preside at the Hastings trial.

ORDERED that the defendants' Motion to Dismiss is granted. It is further

ORDERED that the plaintiff's Motion for Partial Summary Judgment is denied.